1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9  Guy Briggs,                    )   No. CV-05-157-PHX-JWS (LOA)
                                   )
10         Petitioner,             )   **REPORT AND RECOMMENDATION**
                                   )
11  vs.                            )
                                   )
12  Dora B. Schriro, et al.,       )
                                   )
13         Respondents.            )
   _____)

14
15         This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in

State Custody Pursuant to 28 U.S.C. § 2254.  (document # 1)  Respondents filed an Answer to
16
the Petition asserting that it should be dismissed as untimely or, in the alternative, for failure to
17
exhaust state remedies.  (document # 12) Petitioner opposed Respondents' assertion regarding
18
the timeliness of his petition.  (document # 15) Thus, the Court ordered supplemental briefing
19
regarding the timeliness issue.  Respondents filed Supplemental Briefing (document # 22) in
20
which they concede that the Petition is timely and withdraw their argument that the Petition is
21
untimely.  (Id.)  The Court, therefore, will proceed to Petitioner's claims.
22
                        **PROCEDURAL BACKGROUND**
23
         On October 3, 2001, the Maricopa County Grand Jury returned an indictment
24
charging Petitioner with commission of 14 sex-related offenses against two victims: (1) his
25
biological daughter; and (2) his step-daughter.  (Respondents' Exh. A at 1; Exh B)   The case
26
proceeded to trial and at the close of the State's case, the trial court[1] granted Petitioner's motion
27
28
   _____
   [1]  The Honorable Eileen Willett presided.

for a directed verdict of acquittal on Count 11. (Respondents' Exh. B at 39; Exh. G: Tr. 3/25/02 at 71-72) The jury subsequently convicted Petitioner of Counts 1-9 and 12-14, but acquitted him of Count 10. (Respondents' Exh. A at 66-76, 90-91; Exh. B at 59) On May 17, 2002, the trial court imposed nine consecutive prison sentences for Counts 1, 2, 4, 5, 6, 7, 8, 12 and 13, three concurrent terms for Counts 3 and 9, and a consecutive 5-year term of probation for Count 14. (Respondents' Exh. B at 101; Exh. K: Tr. 5/17/02 at 11-14)

On that same day, Petitioner filed a notice of appeal. (Respondents' Exh. A at 105) In his opening brief, Petitioner raised the following issues: (1) trial counsel was incompetent; (2) trial counsel disregarded Petitioner's decisions; (3) trial counsel did not keep Petitioner informed of the allegations; (4) Petitioner is legally blind and trial counsel was ineffective in failing to read the pre-sentence report to Petitioner; (5) the trial court erred in permitting the jury to visit the crime scenes; (6) the trial court erred in instructing the jury to disregard the fact that Petitioner is blind; (7) the trial court erred in excluding "a large body of defense evidence" regarding the crime scenes; (8) trial counsel was ineffective in failing to move for a mistrial; (9) the trial judge was biased against Petitioner; (10) the trial judge appeared to be unaware of the sentencing guidelines; (11) the trial judge erred in failing to permit testimony regarding suppressed memories; (12) the trial judge erred in admitting evidence regarding the prior sexual molestation of one of the victims; and (13) the evidence was insufficient to support Petitioner's convictions. (Respondents' Exh. L at 6-7)

With leave of court, Petitioner filed a supplemental appellate brief raising the following issues: (1) when the detective was questioned about the interviews he conducted, he claimed that he only spoke to Petitioner's grandchildren, however, he also spoke to Petitioner's niece, son's ex-girlfriend, and brother-in-law; (2) trial counsel failed to offer a witness to vouch for Petitioner's credibility; (3) the trial court erred in permitting hearsay testimony by one of the victim's mothers; and (4) trial counsel erred in failing to call a witness to testify on Petitioner's behalf regarding an alleged incident in a swimming pool involving Petitioner's step-daughter. (Respondents' Exh. M at 2-3)

1    On March 6, 2003, the Arizona Court of Appeals affirmed Petitioner's convictions,

2  but vacated his sentence on Count 1 because the sentencing court erroneously described Count

3  1's 20-year prison term, an aggravated sentence, as the presumptive term.  (Respondents' Exh.

4  N at 4-5) With respect to Petitioner's other claims, the Court of Appeals stated that:

> Defendant raises an additional seventeen issues on appeal.  Issues 1, 2, 3,
> 4, and 8 of the opening brief and issue 2 of the supplemental brief all raise
> the issue of ineffective assistance of counsel.  We do not address the issue
> of ineffective assistance of counsel on a direct appeal.  State v. Spreitz, 202
> Ariz. 1, 3, 39 P.3d 525, 527 (2002).  The proper procedure is a Rule 32 motion
> pursuant to the Arizona Rules of Criminal Procedure.
>
> With respect to the remaining eleven issues raised by defendant, they consist
> primarily of unsubstantiated allegations of errors made by the trial judge by
> admitting/precluding evidence, sentencing errors and bias towards defendant.
> Defendant also attacks the credibility of testimony offered by certain
> witnesses and defendant argues that there was insufficient evidence to support
> his convictions.
>
> Our review of the record discloses no errors other than the one sentencing
> error previously addressed.  We also find there was sufficient evidence to
> support defendant's convictions.  The victims testified regarding the sexual
> abuse and their relevant ages.  In addition, Dr. Coffman corroborated [Heather
> Norgard's] abuse by testifying that HN had injuries that were consistent with
> sodomy and repeated vaginal penetration.  We therefore reject defendant's
> challenge to the sufficiency of the evidence.

16  (Respondents' Exh. N at 5-6)

17    Petitioner did not petition the Arizona Supreme Court for review (Respondents' Exh.

18  O)  Thereafter, on June 6, 2003, the trial court re-sentenced Petitioner on Count 1.  (document

19  # 22 at 3) Petitioner did appeal his re-sentencing on Count 1. (Id. at 3)

20    The same day as his resentencing, June 6, 2003, Petitioner filed a notice of post-

21  conviction relief in state court.  (Respondents' Exh. P) The court appointed counsel who filed

22  a Rule 32 petition raising two issues: (1) Petitioner's post-arrest statements to Detective Dobson

23  on September 26, 2001 were involuntary; and (2) appellate counsel rendered ineffective

24  assistance by failing to raise this issue on appeal.  (Respondents' Exh. Q)   The State opposed

25  the Rule 32 petition.  (Respondents' Exh. R) The State argued that Petitioner had waived any

26  challenge to his post-arrest statements because he failed to file a motion to suppress within the

27  time prescribed by the Arizona Rule of Criminal Procedure 16.1(c).  (Respondents' Exhs. R, B

28  at 39, G at 3, 54-57, 65-66) The State further argued that appellate counsel was not ineffective.

1   (Respondents' Exh. R at 3-4)    Petitioner filed a Reply asserting that the Arizona Court of

2   Appeals did not reach the merits of Petitioner's claim that his confession was involuntary.

3   (Respondents' Exh. S at 2)

4           On January 14, 2004, the trial court denied Petitioner's petition for post-conviction

5   relief stating that:

6           Defendant argues that he is entitled to Post-Conviction Relief because his
            counsel failed to raise the issue of whether Defendant's confession was
7           voluntarily made on appeal.

8           Counsel for Defendant filed an <u>Anders</u> brief on appeal and additionally included
            issues Defendant wished to be raised in a supplemental pleading.  As the Court
9           of Appeals found upon its review of the record, no fundamental error [occurred],
            except the sentencing issue, the issue of whether Defendant's confession was
10          voluntarily made was decided on the merits of the appeal.  See Rule 32.2(a)(2)
            and (3), Arizona Rules of Criminal Procedure.  Therefore, Defendant fails to
11          raise a colorable claim for post-conviction relief and no purpose would be served
            by further proceedings.

12
    (Respondents' Exh. T)  Petitioner did not seek review of the denial of his petition for post-
13
    conviction relief in the Arizona Court of Appeals.  (Respondents' Exh. V)
14
            Thereafter, Petitioner filed the pending petition for writ of habeas corpus raising the
15
    following claims:
16
            **Claim 1:**  Trial counsel rendered ineffective assistance because (a) he did not
17          file any pre-trial motions; (b) he did not request any hearings to preclude
            evidence; (c) he did not submit jury instructions to the court regarding the
18          limited admissibility of other-act evidence; (d)he did not move to sever counts;
            (e) he did not file a timely motion to suppress Petitioner's post-arrest statements;
19          (f) he did not conduct an adequate cross-examination of Robert Emerick and
            Dr. Coffman; (g) he did not call an expert witness; (h) he did not object to
20          the allegedly inflammatory portions of Emerick's testimony; and  (i) he did
            not zealously represent Petitioner at trial.
21
            **Claim 2:** Petitioner's post-arrest confession was obtained illegally.
22
            **Claim 3:** Trial counsel rendered ineffective assistance by failing to file a
23          timely motion to suppress Petitioner's post-arrest statements.

24          **Claim 4:**  Trial counsel rendered ineffective assistance by failing to file a
            motion to sever counts.
25
            **Claim 5:** Trial counsel rendered ineffective assistance by failing to object
26          to inflammatory aspects of Dr. Emerick's testimony.

27          **Claim 6:** Trial counsel rendered ineffective assistance by vouching for Dr.
            Emerick's credibility.
28

**Claim 7:** Appellate counsel rendered ineffective assistance by filing an Anders brief, failing to supplement the record on appeal with Petitioner's motion for a mistrial, and failing to raise the suppression issue.

(document # 1 at 5-8)

Respondents filed an Answer asserting that the Petition should be dismissed as untimely, or in the alternative, for failure to exhaust state remedies.   (document # 12) Respondents subsequently withdrew their argument that the § 2254 petition is untimely. (document # 22)  Respondents concede that the Petition was timely filed.  The Court, therefore, will consider Petitioner's claims.

## **ANALYSIS**

## I. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted, in state court, every claim raised in his petition.  Coleman v. Thompson, 501 U.S. 722, 731 (1991).  To properly exhaust state remedies, the petitioner must have afforded the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state courts in a procedurally appropriate manner.  Castille v. Peoples, 489 U.S. 346, 349 (1989); Baldwin v. Reese, 541 U.S. 27, 29 (2004)(stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim.")

It is not enough that all of the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised.  Reese, 541 U.S. at 28 (stating that a reference to ineffective assistance of counsel in general does not alert the court to federal nature of the claim.)  Rather, the habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court.  Tamalini v. Stewart, 249 F.3d 895, 898 (9th Cir. 2001).  Similarly, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim.  Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); Shumway v.

1   Payne, 223 F.3d 982, 987 (9th Cir. 2000)(insufficient for prisoner to have made "a general

2   appeal to a constitutional guarantee," such as a naked reference to "due process," a

3   "constitutional error" or a "fair trial.") Similarly, a mere reference to the "Constitution of the

4   United States" does not preserve a federal claim.  Gray v. Netherland, 518 U.S. 152, 162-63

5   (1996).  Even if the basis of a federal claim is "self-evident" or if the claim would be decided

6   "on the same considerations" under state or federal law, the petitioner must make the federal

7   nature of the claim "explicit either by citing federal law or the decision of the federal courts .

8   . . ."  Lyons, 232 F.3d at 668.  A state prisoner does not fairly present a claim to the state court

9   if the court must read beyond the petition or brief filed in that court to discover the federal

10   claim.  Baldwin, 541 U.S. at 27.

11        When a prisoner fails to "fairly present" a claim to the state courts in a procedurally

12   appropriate manner, state court remedies may, nonetheless, be "exhausted."  This type of

13   exhaustion is often referred to as "procedural default" or "procedural bar."  Ylst v. Nunnemaker,

14   501 U.S. 797, 802-05 (1991); Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). There are

15   two ways in which procedural default may occur.

16        First, a state court may have applied a procedural bar when the prisoner attempted

17   to raise the federal claim in state court.  Nunnemaker, 501 U.S. at 802-05; Bonin v. Calderon,

18   59 F.3d 815, 842 (9th Cir. 1995)(failure to raise contemporaneous objection at trial in state court

19   to a violation of federal rights constitutes a procedural default of that issue in federal court);

20   Thomas v. Lewis, 945 F.2d 1119, 1121 (9th Cir. 1991)(finding claims procedurally defaulted

21   where the Arizona Court of Appeals held that petitioner had waived claims by failing to raise

22   issues on direct appeal or in his first petition for post-conviction relief.)   If the state court also

23   addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the

24   independent state procedural bar.  Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989); Carringer v.

25   Lewis, 971 F.2d 329, 333 (9th Cir. 1992)(state supreme court found ineffective assistance of

26   counsel claims "barred under state law," but also discussed and rejected the claims on the

27   merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and

28   the claims were procedurally defaulted and barred from federal review.)   A higher court's

1   subsequent summary denial of review affirms the lower court's application of a procedural bar.

2   Nunnemaker, 501 U.S. at 803.

3        In the second situation, the state prisoner may not have presented the federal claim

4   to the state courts, and pursuant to the state courts' procedural rules, such as waiver or time bars,

5   a return to state court would be "futile."  Teague v. Lane, 489 U.S. 288, 297-99 (1989).

6   Generally, any claim not previously presented to the Arizona courts is procedurally barred from

7   federal review because any attempt to return to state court to properly exhaust a current habeas

8   claim would be futile.  Ariz. R. Crim. P. 32.1, 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975,

9   987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz.

10  R. Crim. P. 32.1(a)(3)(relief is precluded for claims waived at trial, on appeal, or in any

11  previous collateral proceeding); 32.4(a), Ariz. R. Crim. P. 32.9 (stating that petition for review

12  must be filed within thirty days of trial court's decision).  A state post-conviction action is futile

13  where it is time-barred.  Beaty, 303 F.3d at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th

14  Cir. 1997)(recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of

15  an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

16       In either procedural default scenario, federal review of the claim is barred absent a

17  showing of "cause and prejudice" or a "fundamental miscarriage of justice."  Dretke v. Haley,

18  541 U.S. 386, 393-94, (2004);  Murray v. Carrier, 477 U.S. 478, 488 (1986).  To demonstrate

19  cause, a petitioner must establish that some objective factor external to the defense impeded his

20  efforts to comply with the state's procedural rules.  Murray v. Carrier, 477 U.S. 478, 488

21  (1986). The following objective factors may constitute cause: (1) interference by state officials,

22  (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3)

23  constitutionally ineffective assistance of trial or appellate counsel.  Murray, 477 U.S. at 488.

24  The Ninth Circuit has held that ineffective assistance of counsel in *collateral* proceedings does

25  not establish cause because "the right to counsel does not extend to state collateral proceedings

26  or federal habeas proceedings." Martinez-Villareal v. Lewis, 80 F.3d 1301, 1306 (9th Cir. 1996).

27       To establish prejudice, a prisoner must demonstrate that the alleged constitutional

28  violation "worked to his actual and substantial disadvantage, infecting his entire trial with error

1   of constitutional dimension." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982).   Where

2   petitioner fails to establish cause, the court need not reach the prejudice prong.

3          To establish a "fundamental miscarriage of justice" resulting in the conviction of one

4   who is actually innocent, a state prisoner must establish that it is more likely than not that no

5   reasonable juror would have found him guilty beyond a reasonable doubt in light of new

6   evidence. <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

7          Where petitioner fails to establish cause and prejudice or a fundamental miscarriage

8   of justice, his state-law procedural default may constitute an independent and adequate state

9   ground which bars federal habeas review of Petitioner's claims.   <u>Coleman</u>, 501 U.S. at 729.

10  To "constitute adequate and independent grounds sufficient to support a procedural default, a

11  state rule must be clear, consistently applied, and well-established at the time of the petitioner's

12  default." <u>Wells v. Maass</u>, 28 F.3d 1005, 1010 (9th Cir. 1994).   Arizona courts have consistently

13  applied their procedural default rules. <u>Stewart v. Smith</u>, 536 U.S. 856 (2002)(holding that Rule

14  32.2(a) is an adequate and independent procedural bar); <u>Ortiz</u>, 149 F.3d 931-32 (rejecting

15  argument that Arizona courts have not "strictly or regularly followed" Arizona Rule of Criminal

16  Procedure 32); <u>Carriger v. Lewis</u>, 971 F.2d 329, 333 (9th Cir. 1992)(rejecting assertion that

17  Arizona courts' application of procedural rules had been "unpredictable and irregular.")

18  **I. Application of Law to Petitioner's Claims**

19         Petitioner raises seven claims for relief.  (document # 1)  Respondents assert that

20  Petitioner's claims are procedurally defaulted and barred from federal habeas review.  The Court

21  will address this argument below.

22              **A.  Claims 1a, 1b, 1c, 1d, 1f, 1g, 1h, 1i, 4, 5, 6, 7a, and 7b**

23         Respondents assert that Petitioner did not present claims 1a, 1b, 1c, 1d, 1f, 1g, 1h,

24  1i, 4, 5, 6, 7a, and 7b to any Arizona court either on direct appeal or post-conviction review

25         As stated above, before a federal court may decide a petition for habeas corpus

26  relief, the state prisoner must have fairly presented every federal claim to the state courts in a

27  procedurally proper manner. <u>Coleman</u>, 501 U.S. at 731-32.  For a claim to be fairly presented

28  in state court, petitioner must describe the operative facts and legal theories upon which his

claim is based. <u>Baldwin</u>, 541 U.S. at 29-30. The federal nature of the claim must be explicit at all levels. <u>Id.</u> General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial are insufficient to establish fair presentation of a federal constitutional claim. <u>Lyons</u>, 232 F.3d at 669.

Petitioner did not present claims 1a, 1b, 1c, 1d, 1f, 1g, 1h, 1i, 4, 5, 6, 7a, and 7b to the state courts. Petitioner's failure to present these federal claims to the State courts results in a procedural bar because Petitioner is time-barred from returning to State court to obtain review of such claims. Ariz.R.Crim.P. 32.1(d)-(h), 32.4(a); Ariz.R.Crim.P. 32(a)(3) (precluding post-conviction relief on any ground "that has been waived at trial, on appeal, or in any previous collateral proceeding.); <u>Mata</u>, 185 Ariz. at 332, 916 P.2d at 1048(defendant waived claim that defendant's counsel at sentencing was ineffective where defendant did not raise claim in either first or second petition for post-conviction relief.) Accordingly, Petitioner is not entitled to federal habeas review of his claims unless he establishes cause and prejudice or a fundamental miscarriage of justice which the Court will discuss in Section II below.

Petitioner raised several claims of ineffective assistance of counsel to the state courts[2], however he did not raise the same claims that he presents in the pending habeas corpus petition.[3] (Respondents' Exh. L, Q, document # 1) Although Petitioner raised different claims of ineffective assistance in his brief on direct appeal and in his Rule 32 petition, presentation of one specific ground of ineffective assistance of counsel in state court does not entitle a habeas

---

[2] As previously stated, on direct appeal Petitioner raised the following claims of ineffective assistance of counsel: (1) counsel was incompetent, (2) counsel disregarded Petitioner's decisions, (3) counsel failed to keep Petitioner informed about the allegations, (4) counsel failed to read the PSR to Petitioner, and (5) counsel failed to request a mistrial. (Respondents' Exh. L at 6-8)

On post-conviction review, Petitioner claimed that appellate counsel was ineffective in failing to challenge the voluntariness of Petitioner's confession. (Respondents' Exh. Q)

[3] As previously discussed, in the pending petition, Petitioner claims that counsel was ineffective in failing to: (1) file pre-trial motions, (2) request a hearing to preclude evidence, (3) submit a jury instruction regarding the limited purpose of other-act evidence, (4) file a motion to sever counts, (5) conduct a sufficient cross-examination of Drs. Emerick and Coffman, (6) call an expert witness, (7) object to inflammatory parts of Emerick's testimony, and (8) zealously represent Petitioner. (document # 1)

1 petitioner to raise other grounds in support of a claim of ineffective assistance on federal habeas

2 review.  Beaty v. Stewart, 303 F.3d 975, 989-990 (9th Cir. 2002).

3         Additionally, the fact that the Arizona Court of Appeals conducted fundamental

4 error review does not satisfy the exhaustion requirement.  Beaty, 303 F.3d at 987.  Accordingly,

5 Petitioner's procedurally defaulted claims 1a, 1b, 1c, 1d, 1f, 1g, 1h, 1i, 4, 5, 6, 7a, and 7b by

6 failing properly to present those claims to the state courts.

7         **B.  Claims 1e and 3**

8         In Claims 1e and 3, Petitioner alleges that trial counsel was ineffective in failing to

9 file a timely motion to suppress Petitioner's post-arrest statements.   In sections of his habeas

10 petition, Petitioner claims that he presented this claim to the Arizona Court of Appeals because

11 the eighth claim in his brief on direct appeal states that "Defense counsel refused to request a

12 mistrial and failed to follow up on the mistrial issue."  (Respondents' Exh. L at 7)

13         Petitioner, however, failed to properly exhaust his claim regarding trial counsel's

14 failure to file a motion to suppress Petitioner's post-arrest statement.   First, the eighth claim in

15 the appellate brief only alleged that trial counsel should have filed a motion for a *mistrial*.  The

16 reference to counsel's failure to move for a *mistrial* was not sufficient to put the State court on

17 notice that Petitioner intended to challenge trial counsel's failure to file a motion to *suppress*.

18 Gray v. Netherland, 518 U.S. 152, 162-63 (1996)(a state prisoner "must include reference to a

19 specific federal constitutional guarantee, as well as a statement of the facts that entitled the

20 petitioner to relief.") Because Petitioner did not raise the same claim of ineffective assistance

21 of counsel in state court that he wishes to raise in his § 2254 petition, he failed to fairly present

22 that claim.  Id.  Accordingly, Petitioner's claim that trial counsel was ineffective in failing to file

23 a motion to suppress is procedurally defaulted.

24         Moreover, even if Petitioner's claim in his appellate  brief that counsel was

25 ineffective in failing to file a mistrial could be construed as also challenging counsel's failure

26 to file a timely motion to suppress, Petitioner still failed to properly exhaust that claim.  First,

27 on direct appeal the Arizona Court of Appeals did not consider the merits of Petitioner's claim

28 of ineffective counsel   in view of the Arizona Supreme Court's holding in Spreitz that

ineffectiveness claims must be presented, not on direct appeal, but in post-conviction proceedings. (Respondents' Exh. N) Specifically, the Arizona Court of Appeals explained that:

> Defendant raises an additional seventeen issues on appeal. Issues 1, 2, 3, 4, and 8 of the opening brief and issue 2 of the supplemental brief all raise the issue of ineffective assistance of counsel. We do not address the issue of ineffective assistance of counsel on direct appeal. State v. Spreitz, 202 Ariz. 1, 3, 39 P.3d 525, 527 (2002). The proper procedure is a Rule 32 motion pursuant to the Arizona Rules of Criminal Procedure.

(Respondents' Exh. N at 5)

Under Arizona law, Petitioner's presentation of his claims of ineffective assistance on direct appeal was procedurally improper because he raised such in the wrong context – on direct review to the Court of Appeals. Spreitz, 202 Ariz. at 3; State v. Glassel, 211 Ariz. 33, 51 n. 9, 116 P.3d 1193, 1211 n. 9 (Ariz. Ct. App. 2005). Despite the Court of Appeals instruction that Petitioner should raise his claims of ineffective assistance in a Rule 32 petition for post-conviction relief, on post-conviction review, Petitioner only raised one claim of ineffective assistance — that appellate counsel was ineffective in failing to challenge the admission of Petitioner's post-arrest statements on direct appeal. (Respondents' Exh. Q at 3-5) Petitioner did not claim that trial counsel was ineffective for failing to challenge the admission of Petitioner's post-arrest statements at trial. Petitioner's presentation of a claim of ineffective assistance of appellate counsel was not sufficient to exhaust a claim of ineffective assistance of trial counsel. Carriger, 971 F.2d at 333. The United States Supreme Court has held that a habeas petitioner's presentation of an ineffective-assistance of trial counsel claim in state court does not exhaust a claim that appellate counsel was ineffective even when the same act or omission allegedly renders both counsel ineffective. Baldwin v. Reese, 541 U.S. 27, 29 (2004). This holding applies to here. Petitioner's claim in his post-conviction petition that *appellate* counsel was ineffective for failing to raise a claim on direct appeal does not exhaust a claim that *trial* counsel was ineffective for failing to present that same issue to the trial court. Id.

Finally, even if Petitioner's claim that appellate counsel was ineffective encompassed Petitioner's claim that trial counsel was also ineffective, Petitioner still failed to properly exhaust this claim because he did not petition the Arizona Court of Appeals for review

of the trial court's denial of his petition for post-conviction relief.  <u>Boerckel</u>, 526 U.S. at 845

(stating that "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair

opportunity to resolve constitutional claims before those claims are presented to the federal

courts, we conclude that state prisoners must give the state courts one full opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate

review process.")

Because Arizona Rule of Criminal Procedure 32(a)(3) would prevent Petitioner from

raising his claim that trial counsel was ineffective   in any subsequent post-conviction

proceedings, Claims 1e and 3 are procedurally defaulted and barred from federal habeas review.

<u>Mata</u>, 185 Ariz. at 332, 916 P.2d at 1048.

## C.  Claim 2

In his second claim, Petitioner argues that the state court improperly admitted an

illegally-obtained confession during trial.  Federal habeas review of this claim is procedurally

barred as discussed below.   First, during trial, the court ruled that Petitioner waived this issue

because he waited until the fourth day of trial to challenge the admissibility of his post-arrest

statements.  (Respondents' Exh. B at 39, Exh. F at 58-60, Exh. G at 3, Exh. R at 38A)   In so

ruling the trial court relied on Arizona Rule of Criminal Procedure 16.1 which provides in

pertinent part that:

> b. Making of Motions before Trial: All motions shall be made no later than
> 20 days prior to the date set for trial.  Lack of jurisdiction may be raised
> at any time.
>
> * * *
>
> c. Effect of Failure to Make Motions in Timely Manner.  Any motion, defense,
> objection, or request not timely raised under Rule 16.1(b) shall be precluded,
> unless the basis therefor was not then known, and by the exercise of reasonable
> diligence could not then have been known, and the party raises it promptly upon
> learning it.

Ariz.R.Crim.P. 16.1.  Arizona courts have consistently applied this procedural bar to preclude

consideration of claims that were not timely raised in the trial court, but which were known, or

could have been known, before the filing deadline.  <u>State v. Tison</u>, 129 Ariz. 526, 535, 633 P.2d

1    335, 344 (1981)(stating that "[i]ssues concerning the suppression of evidence which were not

2    raised in the trial court are waived on appeal.")

3            Petitioner did not raise this claim on direct appeal. (Respondents' Exh. L) On post-

4    conviction review, Petitioner claimed that appellate counsel was ineffective in failing to

5    challenge  the voluntariness of Petitioner's post-arrest statements.  (Respondents' Exh. Q)

6    Petitioner, however, did not challenge the trial court's or trial counsel's actions with regards to

7    Petitioner's post-arrest statements.  Thus, Petitioner has not presented his pending claim to the

8    State courts.

9            Moreover, even if the post-conviction petition were construed as raising a challenge

10   to the trial court's admission of evidence of Petitioner's post-arrest statement at trial and trial

11   counsel's failure to object thereto, Petitioner failed to properly exhaust Claim 2 because he never

12   sought appellate review of the denial of that claim on post-conviction review.  Boerckel, 526

13   U.S. at 845.  Because Arizona Rule of Criminal Procedure 32.2(a)(3) would prevent Petitioner

14   from raising this claim in any subsequent post-conviction proceedings, Claim 2 is procedurally

15   defaulted and cannot be considered on federal habeas review.  Mata, 185 Ariz. at 332, 916 P.2d

16   at 1048.

17       **D.  Claim 7c**

18           In Claim 7c, Petitioner argues that appellate counsel rendered ineffective assistance

19   by failing to challenge on direct appeal the admission of Petitioner's post-conviction arrest

20   statements to Detective Dobson.  Although Petitioner raised this issue in his Rule 32 petition,

21   he did not properly exhaust it in state court because he failed to petition the Arizona Court of

22   Appeals for review of the trial court's denial of post-conviction relief.  (Respondents' Exh. V)

23   Baldwin v. Reese, 541 U.S. 27, 29 (2004)(stating that "[t]o provide the State with the necessary

24   'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . .

25   thereby alerting the court to the federal nature of the claim.")  Because Arizona Rule of

26   Criminal Procedure 32.2(a)(3) would prevent Petitioner from raising this ineffectiveness claim

27   in any subsequent post-conviction proceedings, Claim 7c is procedurally defaulted and not

28   properly before this Court on habeas review.  Mata, 185 Ariz. at 332, 916 P.2d at 1048.

1   / / /

2   **II.  Cause and Prejudice or Fundamental Miscarriage of Justice**

3       Because Petitioner procedurally defaulted his claims federal habeas review is barred

4   absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." Coleman,

5   501 U.S. at 750-51; Teague, 489 U.S. at 298; Schlup, 513 U.S. at 321.  Petitioner fails to make

6   either of these showings.

7           **A.  Cause and Prejudice**

8       Petitioner argues that his procedural default should be excused because he is blind,

9   lacks legal knowledge, and lacks legal assistance.

10      As a general matter, Petitioner's status as a prison inmate does not establish cause.

11  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).   Likewise, Petitioner's lack of

12  familiarity with the law and lack of legal assistance do not constitute cause.  Hughes v. Idaho

13  State Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(finding that a pro se prisoner's

14  illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to

15  "cause" for purposes of avoiding the procedural bar on his habeas claim); Lewis v. Casey, 518

16  U.S. 343, 351 (1996)(holding that there is no "freestanding right to a law library or legal

17  assistance.")

18      Additionally, Petitioner's allegation that he is blind does not constitute cause.  Pham

19  v. Garcia, 2004 WL 3263485, * 5(S.D.Cal, Sept. 16, 2004)(concluding that petitioner's alleged

20  "handicap in understanding, speaking, writing and reading English" was an insufficient basis

21  for equitable tolling.)(citing Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002)("where a

22  petitioner's alleged lack of proficiency in English has not prevented petitioner from accessing

23  the courts, that lack of proficiency is insufficient to justify equitable tolling of the statute of

24  limitations.")).  Petitioner has filed several pleadings with this Court which indicate that despite

25  his limitations, he is able to pursue his claims.  Additionally, the Arizona Department of

26  Corrections has procedures in place for assisting the visually impaired.  See Ariz. Dep't Corr.,

27  Dep't Order Manual § 902.08–1.1 ("Accommodations shall be made, as needed, to ensure access

28  to the courts for inmates with special needs, to include inmates who are . . . disabled); §

1    908.03–1.1 ("Wardens, Deputy Wardens and Administrators shall provide interpreters for

2    inmates in need of such services, which may include interpreters for . . . the blind").

3          Based on this record, Petitioner cannot establish that his blindness constitutes an

4    objective factor external to Petitioner that prevented him from properly presenting his claims

5    to the State courts. <u>Allen</u>, 255 F.3d at 799. See, <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034-35 (9th

6    Cir. 2005)(concluding that petitioner's mental disabilities and multiple sclerosis were not

7    extraordinary circumstances warranting equitable tolling of AEDPA limitations period where

8    petitioner had been able to file habeas petitions before and after limitations period had expired.)

9          Liberally construed, the Petition also asserts that the ineffective assistance of

10   appellate counsel constitutes cause for Petitioner's procedural default.  The Supreme Court has

11   held that "a claim of ineffective assistance must be presented to the state courts as an

12   independent claim before it may be used to establish cause for procedural default [of another

13   claim]." <u>Edwards v. Carpenter</u>, 529 U.S. 446 (2000).

14         As previously discussed, Petitioner never presented his claim of ineffective

15   assistance of appellate counsel to the Arizona Court of Appeals.  (Respondents' Exh. V)

16   Because Petitioner did not properly exhaust his claim of ineffective assistance of appellate

17   counsel in state court, he cannot rely on appellate counsel's allegedly ineffective assistance to

18   establish cause. <u>Carpenter</u>, 529 U.S. at 451-52 (stating that "[i]n other words, ineffective

19   assistance adequate to establish cause is itself an independent constitutional claim.  And we held

20   in <u>Carrier</u>, that the principles of comity and federalism that underlie our longstanding exhaustion

21   doctrine  .  .  .  require *that* constitutional claim, like others, to be first raised in state

22   court.)(emphasis in original).

23         However, Petitioner may be able to satisfy the "cause and prejudice" standard with

24   respect to his procedurally defaulted claim of ineffective assistance of appellate counsel.

25   <u>Carpenter</u>, 529 U.S. at 453 ("To hold, as we do, that an ineffective-assistance-of-counsel claim

26   asserted as cause for the procedural default of another claim can itself be procedurally defaulted

27   is not to say that the procedural default may not *itself* be excused if the prisoner can satisfy the

28   cause-and-prejudice standard with respect to the claim.")(emphasis in original).

1      In his Reply, Petitioner argues that post-conviction counsel failed to petition the

2  Arizona Court of Appeals for review of the denial of his Rule 32 petition, which included the

3  claim that appellate counsel was ineffective.   This argument fails because "there is no

4  constitutional right to an attorney in post-conviction proceedings." <u>Coleman</u>, 501 U.S. at 752-

5  53.   Similarly, Petitioner cannot challenge the performance of post-conviction counsel on

6  habeas review because the "ineffectiveness or incompetence of counsel during Federal or State

7  collateral post-conviction relief shall not be a ground for relief in a proceeding arising under

8  section 2254." 28 U.S.C. § 2254(i).  Thus, even assuming that post-conviction counsel rendered

9  ineffective assistance during Petitioner's Rule 32 proceedings, such deficient performance

10  would not constitute cause for Petitioner's failure to present the ineffective assistance of

11  appellate counsel claim.  <u>Coleman</u>, 501 U.S. at 757.

12                    **B.  Fundamental Miscarriage of Justice**

13      Additionally, Petitioner does not establish that failure to review his claims will result

14  in a fundamental miscarriage of justice.  <u>Schlup</u>, 513 U.S. at 321.  Petitioner does not point to

15  any new evidence and, therefore, does not establish that it is more likely than not that no

16  reasonable juror would have found him guilty beyond a reasonable doubt in light of new

17  evidence.  <u>Schlup</u> 513 U.S. at 327 ).

18      In summary, Petitioner's claims are procedurally defaulted and barred from federal

19  habeas review.

20      Accordingly,

21      IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas

22  Corpus by Person in State Custody pursuant to 28 U.S.C. § 2254 (document # 1) be **DENIED.**

23      This recommendation is not an order that is immediately appealable to the Ninth

24  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

25  Appellate Procedure, should not be filed until entry of the District Court's judgment.  The

26  parties shall have ten days from the date of service of a copy of this recommendation within

27  which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72,

28  6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which

1   to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's

2   Report and Recommendation may result in the acceptance of the Report and Recommendation

3   by the District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114,

4   1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the

5   Magistrate Judge will be considered a waiver of a party's right to appellate review of the

6   findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

7   recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

8   DATED this 25th day of April, 2006.

9

10

11

12

13

14

15

16   Lawrence O. Anderson
     United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28